IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| LARRY EUGENE POLING, §<br>　　#22037043, §<br>　　　　PETITIONER, §<br>§<br>V. §<br>§<br>DALLAS COUNTY SHERIFF, §<br>　　　　RESPONDENT. § | CIVIL CASE NO. 3:23-CV-2166-B-BK |

FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Larry Eugene Poling's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed here, the petition should be summarily **DISMISSED WITHOUT PREJUDICE** under the *Younger v. Harris* abstention doctrine or, alternatively, for failure to exhaust state court remedies.

**I. BACKGROUND**

In his amended petition, Poling, a state pretrial detainee in the Dallas County Jail, complains of lengthy pretrial incarceration, ineffective assistance of counsel, and speedy trial and due process violations. Doc. 11 at 2-8. He has been incarcerated since September 26, 2022, on a $50,000 bond, and is awaiting trial on a grand jury indictment charging him with sexual assault of child. *State v. Poling*, No. F22-12389 (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex.); Doc. 11 at

3, 5.[1] Poling seeks release from confinement and to dismiss the state criminal charge. Doc. 11 at 7; Doc. 12 at 4. He also requests a hearing and to expedite this case. Doc. 15 at 2; Doc. 18.

Poling asserts that his appointed counsel refuses "to act on evidence that will exonerate" him. Doc. 15 at 1 ("There is evidence that will shut all this [criminal case] down in 20 minutes."). He maintains that counsel neglected him for nearly one year and has never filed a motion or sought to preserve evidence. Doc. 12 at 19-29; Doc. 12 at 7, 9, 11, 15; Doc. 15 at 2. Poling also contends that "bail [is] being used as an instrument of oppression" in violation of his eighth amendment rights and Texas Code of Criminal Procedure Article 17.15. Doc. 11 at 6; Doc. 12 at 31. He asserts that he has filed numerous habeas petitions, speedy trial motions, and letters—all to no avail. Doc. 11 at 2; Doc. 12 at 12-14.[2]

Upon review, this Court finds that Poling's claims are barred by the *Younger* abstention doctrine and unexhausted. Therefore, his petition should be dismissed without prejudice.

---

[1] The state court docket sheet is available on the Dallas County website by entering the case number (F2212389) at https://courtsportal.dallascounty.org/DALLASPROD/Home/Dashboard/29 (last accessed on Dec. 12, 2023).

[2] The Texas Court of Criminal Appeals website shows that Poling filed a state habeas corpus application under art. 11.07 that was dismissed without written order. *See Ex parte Poling*, No. WR-95,259-01 (Tex. Crim. App. Nov. 8, 2023) (Tr. Ct. No. W-2212389-A), available online at https://search.txcourts.gov/Case.aspx?cn=WR-95,259-01&coa=coscca (last accessed on Dec. 12, 2023).

**II. ANALYSIS**

Challenges raised in a pretrial habeas corpus petition are governed by 28 U.S.C. § 2241. *See Stringer v. Williams*, 161 F.3d 259, 262 (5th Cir. 1998). A § 2241 habeas petition is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of habeas petitions).[3]

Review of pretrial habeas petitions is limited, however, to avoid unwarranted interference with ongoing state-court criminal proceedings. *Kolski v. Watkins*, 544 F.2d 762, 766 (5th Cir. 1977) (applying *Younger* abstention doctrine to pretrial habeas petition and noting "[t]here is no practical difference between granting federal habeas relief from a pending state criminal trial and enjoining the same trial"). Therefore, the Court must first examine the threshold question of whether it has subject matter jurisdiction in this case.

**A.  *Younger* Abstention**

As mentioned *above*, Poling seeks among other things to dismiss his state criminal charge based on constitutional challenges to the ongoing state criminal proceedings.

The *Younger* abstention doctrine precludes federal courts from granting injunctive or habeas relief based on constitutional challenges to state criminal prosecutions that are pending at the time the federal action is instituted. *Younger v. Harris,* 401 U.S. 37, 41 (1971); *Kolski*, 544 F.2d at 766. For *Younger* to apply, three criteria must be satisfied:  (1) the dispute must involve

---

[3] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by § 2254.

an ongoing state judicial proceeding; (2) an important state interest in the subject matter of the proceeding must be implicated; and (3) the state proceeding must afford an adequate opportunity to raise constitutional challenges.  *Gates v. Strain*, 885 F.3d 874, 880 (5th Cir. 2018) (citations omitted).

    The *Younger* abstention requirements are met here.  First, Poling asks the Court to intervene to resolve issues related to his ongoing state criminal case.  And this Court's grant of habeas relief would necessarily interfere with the state court's ability to conduct its own proceedings, in contravention of *Younger*.  *See Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) ("Interference is established 'whenever the requested relief would interfere with the state court's ability to conduct proceedings, regardless of whether the relief targets the conduct of a proceeding directly.'").  Second, the state obviously has a vital interest in prosecuting violations of its criminal laws.  *DeSpain v. Johnston,* 731 F.2d 1171, 1176 (5th Cir. 1984) ("The state has a strong interest in enforcing its criminal laws.").  Third, Poling can litigate the claims he raises here in the state proceedings.  He can challenge in state trial and appellate courts the evidence preservation claims, speedy trial rights, and excessive bail.  *See Friemel v. Sheriff, Gregg Cnty.*, No. 6:20cv609, 2021 WL 2372213, at *3 (E.D. Tex. Apr. 20, 2021) (noting the petitioner has the opportunity to challenge the evidence against him at trial and to appeal any potential conviction in state court on direct appeal and in collateral proceedings, as well as through federal habeas corpus proceedings.").  Texas courts also offer Poling the chance to exhaust any claim of ineffective assistance of counsel.  *See Trevino v. Thaler*, 569 U.S. 413, 426 (2013).

    Finally, while there are exceptions to the *Younger* abstention doctrine, Poling has not suggested, much less shown, that any of the very narrow exceptions would apply here.  *See*

*Gates*, 885 F.3d at 881 (detailing exceptions and noting the petitioner bears the burden of proof (citing *Younger*, 401 U.S. at 45)). In sum, because Polling cannot show that any exception to the *Younger* abstention doctrine is warranted, the Court should abstain from exercising habeas jurisdiction over his claims for federal intervention in his pending Dallas County prosecution. *See Kolski*, 544 F.2d at 766 (affirming denial of federal habeas petition by state pretrial detainee relating to his pending criminal prosecution).

### B. Failure to Exhaust State Court Remedies

Even if abstention was inapplicable, Poling has not exhausted his state court remedies and thus would not be entitled to federal habeas relief.

Although pretrial habeas relief is available under 28 U.S.C. § 2241(c), a pretrial detainee must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir. 1987)). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal Appeals. *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cnty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *rec. adopted*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019). Exceptions exist only "where the available . . . remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted. *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08. If the trial court denies habeas relief under Article 11.08, the applicant can take a

direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals. *See, e.g.*, *Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)); *Curtis*, 2019 WL 5698802, at *2.

Poling has not satisfied the exhaustion requirement. A review of his petition confirms that he did not file a state habeas application under Article 11.08 raising his speedy trial and unlawful pretrial detention claims in the trial court. Doc. 11 at 2, 7. Further, a search of online records reflects that no Article 11.08 state habeas application or appeal was filed. As noted, Poling filed only an art. 11.07 habeas corpus application, which the Texas Court of Criminal Appeals recently denied. *See Ex parte Poling*, No. WR-95,259-01 (Tex. Crim. App. Nov. 8, 2023). As such, the Texas Court of Criminal Appeals has not had an opportunity to consider Poling's speedy trial and unlawful pretrial detention claims. So they remain unexhausted.[4]

### III. CONCLUSION

For all these reasons, Poling's habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** pursuant to the *Younger* abstention doctrine or for failure to exhaust state court remedies.

**SO RECOMMENDED** on December 15, 2023.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

[4] Poling alleges that he filed an art. 11.07 application because no art. 11.08 form is available at the Dallas County Jail. Doc. 12 at 28. Although he specified that he was seeking relief under art. 11.08, the application was treated as an art. 11.07, not an art. 11.08 application. Poling has filed no other art. 11.08 application.

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).